# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PEGGY A. MALONEY,
　　　　　Appellant,

　　　　v.

EXECUTIVE OFFICE OF THE
　　PRESIDENT, OFFICE OF
　　ADMINISTRATION,
　　　　　Agency.

DOCKET NUMBER
DC-0752-20-0092-I-2

DATE: November 17, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peggy A. Maloney, Alexandria, Virginia, pro se.

Tanesha Petty and Raheemah Abdulaleem, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed this refiled appeal of her removal because of a pending prior petition for review involving the same removal action. Generally, we grant petitions such as this one only in the following circumstances:　the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision. Because the pending prior petition for review involving the same removal action has now been adjudicated by the Board, we FORWARD this case to the regional office for docketing and adjudication on the merits of the removal.

## BACKGROUND

¶2 The appellant filed a Board appeal of her removal. *Maloney v. Executive Office of the President, Office of Administration*, MSPB Docket No. DC-0752-20-0092-I-1, Initial Appeal File (IAF), Tab 1. In an initial decision dated July 29, 2020, the administrative judge dismissed the appeal without prejudice for 40 days to afford the parties time to complete discovery. IAF, Tab 40. The administrative judge informed the parties that the appeal would be automatically refiled 36 days after issuance of the initial decision. *Id*. at 2.

¶3 On August 21, 2020, the appellant filed a petition for review of that initial decision. *Maloney v. Executive Office of the President, Office of Administration*, MSPB Docket No. DC-0752-20-0092-I-1, Petition for Review File, Tab 3. On September 4, 2020, the regional office automatically refiled the appeal. *Maloney v. Executive Office of the President, Office of Administration*,

MSPB Docket No. DC-0752-20-0092-I-2, Appeal File (I-2 AF), Tabs 1-2. Because there was both a pending petition for review and a pending refiled appeal involving the same removal action, the administrative judge notified the appellant that, "[w]hile [she] is certainly free to pursue the pending PFR, the instant appeal cannot proceed to adjudication while the PFR is pending." I-2 AF, Tab 3. Thus, the administrative judge informed the parties that, unless the appellant withdrew her petition for review, it appeared that the refiled appeal should be dismissed. *Id.* at 1. She afforded the parties an opportunity to object to dismissal of the appeal. *Id.* at 2. The administrative judge issued a second order requesting that the appellant advise her if she had withdrawn her petition for review so that the instant appeal could proceed. I-2 AF, Tab 18. The administrative judge notified the parties that if no such notice is received, the appeal would be dismissed. *Id.* at 2.

¶4          Although the appellant initially appeared to seek withdrawal of her petition for review, I-2 AF, Tab 20 at 7, she later indicated that she was "unable to make up [her] mind," and requested an extension of time to make a decision, I-2 AF, Tab 33 at 4. The administrative judge granted an extension and informed the appellant that if she chose to withdraw her petition for review she must so advise the full Board no later than October 5, 2020, and file a copy of that withdrawal in this appeal. I-2 AF, Tab 34. The administrative judge notified the appellant that "[i]f a proper withdrawal is not received by that date, I will dismiss this appeal without prejudice to refiling." *Id.* at 2. The appellant ultimately informed the administrative judge that she had decided not to withdraw her petition for review. I-2 AF, Tab 37 at 5. Therefore, the administrative judge issued an initial decision dismissing this appeal because "[a]n appeal cannot be pending in both forums simultaneously," and rulings on the argument the appellant made to the full Board may impact adjudication of the instant appeal. I-2 AF, Tab 38, Initial Decision (ID) at 2. The administrative judge notified the parties that adjudication of the removal appeal would commence upon issuance of a decision by the full Board on

the petition for review in *Maloney v. Executive Office of the President, Office of Administration*, MSPB Docket No. DC-0752-20-0092-I-1. ID at 2-3. The appellant has filed a petition for review, to which the agency has not responded. Petition for Review (PFR) File, Tab 1.

## ANALYSIS

¶5    The appellant asserts on review that she was "never notified in advance . . . that two PFR's cannot be pending in both forums simultaneously and therefore she should not file two PFRs." PFR File, Tab 1 at 4-5. She also raises claims of bias by the administrative judge, improper severance of cases that had previously been joined, and discovery, conflict of interest, and certificate of service issues. *Id.* at 5-10. The appellant further appears to raise contentions related to an individual right of action (IRA) appeal she filed before her removal and an appeal she filed with the Equal Employment Opportunity Commission (EEOC). *Id.* at 10-13. She attaches to her petition for review email correspondence involving her allegation that the Office of Special Counsel lacks "integrity," *id.* at 16-37, and submits a supplement to her petition for review that includes email correspondence involving a coworker's illness that apparently led to the appellant receiving a letter of counseling, PFR File, Tab 2 at 4, 9-17.[2]

---

[2] The appellant has filed a motion for leave to file an additional pleading, PFR File, Tab 4, a motion for leave to file additional evidence, PFR File, Tab 10, a motion to incorporate all MSPB dockets, PFR File, Tab 12, and a motion to file various objections, PFR File, Tabs 16-17. She requests that the Board permit her to file evidence regarding an appeal she filed with the EEOC in which she alleges prohibited discrimination. PFR File, Tab 4 at 4. She also requests that the Board permit her to file pleadings she filed in two other appeals pending with the Board. PFR File, Tab 10 at 5-7. Finally, she requests that the Board incorporate into the instant appeal all pleadings and evidence in all of her pending Board appeals and requests leave to file various objections regarding, in part, orders issued in her other matters as well as alleged errors in her other matters. PFR File, Tab 12 at 4-5, Tabs 16-17. Because we are forwarding this appeal for procedural reasons, we decline to rule on the appellant's motions. Upon docketing of the forwarded case, she may request leave to submit any new arguments or allegations of discrimination or other matters, and may seek admission of relevant evidence, consistent with the administrative judge's orders.

¶6    Contrary to the appellant's assertion on review, the issue addressed by the administrative judge was not that the appellant had filed two petitions for review. Rather, the administrative judge correctly dismissed this appeal upon finding that the appellant had both a pending appeal in the regional office and a pending petition for review before the full Board regarding the same removal action.  ID at 2-3; *see Wheeler v. Department of Defense*, 113 M.S.P.R. 519, ¶ 7 (2010); *Hinton-Morgan v. Department of the Army*, 75 M.S.P.R. 382, 399 (1997) ("We find that the administrative judge reasonably determined that the adjudication of the appellant's adverse action demotion appeal should not move forward pending the Board's resolution of a petition for review involving the same issues as those involved in the appeal before her.").  Thus, the appellant's contentions regarding the filing of two petitions for review does not show error in the initial decision.

¶7    In making a claim of bias against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 29 (2015).  An administrative judge's conduct during the course of a proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible.  *Id.*  The mere fact that an administrative judge has ruled against a party does not establish bias.  *Id.*  The appellant's allegations of bias do not meet this standard under the circumstances of this case.

¶8    We further find that the appellant's allegations regarding the severance of her cases that had previously been joined, discovery, an alleged conflict of interest, certificate of service issues, and matters relating to her IRA and equal employment opportunity appeals are not relevant to the issue of whether the administrative judge properly dismissed this appeal.  *See As'Salaam v. U.S. Postal Service*, 85 M.S.P.R. 76, ¶ 15 (2000) (holding that the appellant's arguments regarding his medical limitations not related to a compensable injury

were not relevant to his restoration appeal). She has similarly not shown that the email correspondence she submits on review is relevant to that issue.

¶9 Accordingly, now that the Board has issued a final decision adjudicating the appellant's petition for review of the initial decision in her initial appeal of her removal, *see Maloney v. Executive Office of the President, Office of Administration*, MSPB Docket No. DC-0752-0092-I-1, Final Order (Nov. 17, 2023), we deem it appropriate to forward this appeal for adjudication and a decision on the merits without requiring the appellant to refile her appeal, *see Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶¶ 7-8 (2010); *Wheeler*, 113 M.S.P.R. 519, ¶ 7.

## ORDER

¶10 We forward this case to the Washington Regional Office for adjudication on the merits of the appellant's removal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


Jennifer Everling

FOR THE BOARD:                    _____

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.